UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
VISIONS IN LEARNING INC. and FEED THE
STARVING CHILDREN LLC,

                                  Plaintiffs,

    -against-

VERITY, INC., ADAM REISER, XYZ
ENTITIES 1-10, and JOHN DOES 1-10

                                  Defendants.
----------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
18-cv-5042 (RRM)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court on referral from the Honorable Joseph F. Bianco for Report and Recommendation[1] in this action brought pursuant to the Securities Exchange Act is the application for damages contained in Plaintiffs' Visions in Learning Inc. ("VIL") and Feed the Starving Children LLC ("FSC") (together, "Plaintiffs") motion for default judgment against Defendants Verity, Inc. ("Verity"), Adam Reiser ("Reiser"), XYZ Entities 1-10 (the "XYZ Defendants") and John Does 1-10 (the "John Doe Defendants") (collectively, "Defendants"). *See* Docket Entry ("DE") [11]. For the reasons set forth herein, the Court respectfully recommends that Plaintiffs' request for damages and additional relief be denied without prejudice and with leave to renew.

---

[1] Subsequent to the referral, this case was reassigned to the Honorable Roslynn R. Mauskopf on May 21, 2019.

1

## I. BACKGROUND

VIL is a New York not-for-profit corporation and the sole member of FSC. *See* Complaint ("Compl."), DE [1], ¶ 17. FSC is a limited liability company formed under the laws of Wyoming with its principal place of business in New York. *See id.* at ¶ 18. VIL and FSC hold 10,000 and 4,000,000 Class B Shares, respectively, in Verity, which is a corporation formed under the laws of Wyoming, with its principal place of business in Florida.[2] *See id.* at ¶¶ 17-19. Reiser is the president, secretary, treasurer, Chief Executive Officer and sole director of Verity. *See id.* at ¶ 20. The XYZ Defendants are unknown business entities that are affiliated with Verity and Reiser and participated in the alleged transactions. *See id.* at ¶ 21. The John Doe Defendants are unknown directors, officers, managers and affiliates of Verity who participated in the alleged transactions. *See id.* at ¶ 22.

By Complaint filed on September 6, 2018, Plaintiffs commenced this action alleging that Defendants undertook an "illegal scheme[]" to induce investors to invest in Verity by acquiring Class B Shares and then denying Class B Shareholders the value of their holdings by conducting an unauthorized and invalid capital call (the "Capital Call"). *See id.* at ¶ 1. Specifically, in 2017 Verity undertook a private placement of Class B Shares and issued 4,000,000 Class B Shares to FSC. *See id.* at ¶ 2. At the time of issuance, the Class B Shares were nonassessable, yet on January 15, 2018, Verity sent a letter to Class B Shareholders, including FSC, notifying shareholders of a Capital Call (the "Capital Call Letter"). *See id.* at ¶¶ 3-4. The

---

[2] Verity, which was known as Certified, Inc. until it changed its name in February 2018, was formed as a Florida corporation but moved its state of incorporation to Wyoming in 2014. *See id.* at ¶ 19.

2

Capital Call Letter stated that FSC owed Verity $10,668,000 or $2.66 per Class B Share and further noted that if FSC did not comply, its Class B Shares would be "returned to Treasury for resale." *See id.* at ¶ 4. Because neither statute nor Verity's articles of incorporation authorized a Capital Call, FSC did not comply with the Capital Call Letter, and as a result, Verity and Reiser revoked FSC's Class B Shares. *See id.* at ¶¶ 5-6. Based on these events, Plaintiffs assert causes of action for: (i) breach of fiduciary duties; (ii) violation of Section 10(b) of the Securities Exchange Act; (iii) violation of Section 20(a) of the Securities Exchange Act; (iv) conversion; (v) breach of contract; (vi) breach of the implied covenant of good faith and fair dealing; and (vii) fraudulent inducement.

On October 1, 2018, Plaintiffs served Verity and Reiser with the Summons and Complaint. *See* DEs [6]-[7]. On November 27, 2018, after the time for Verity and Reiser to appear or otherwise defend the action had passed, Plaintiffs requested a Certificate of Default, *see* DE [9], and the Clerk of the Court entered default against them on December 3, 2018. *See* DE [10]. Plaintiffs filed the instant motion on January 10, 2019. *See* DE [11]. On February 20, 2019, Judge Bianco granted Plaintiffs' motion for default judgment as to Defendants' liability and referred the motion to this Court to make a recommendation as to the appropriate remedies. *See* DE [16].

## II. DEFAULT JUDGMENT STANDARD

Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *See Vermont Teddy Bear Co. v. 1-800*

*Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). However, a party's default "is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted). Thus, "even upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." *Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir. 1999)). The court must ascertain damages with "reasonable certainty." *Hosking v. New World Mortg., Inc.*, 570 Fed. Appx. 28, 31 (2d Cir. 2014) (internal quotation marks and citation omitted). To prove damages, the plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 159 (citation omitted). An evidentiary hearing is not required so long as there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997) (citation omitted).

## III. DISCUSSION

Plaintiffs seek the following forms of relief: (i) a declaratory judgment that the January 15, 2018 Capital Call is ultra vires, unauthorized, illegal, void and invalid; (ii) a declaratory judgment that FSC is the holder of 4,000,000 Class B Shares of

4

Verity; (iii) a declaratory judgment that any transactions relating to the capital structure of Verity undertaken since January 2018 are void; (iv) an injunction preventing Defendants from engaging in any action that does not recognize FSC's holdings of 4,000,000 shares; and (v) damages in the amount of $39,996,000 plus statutory pre-judgment interest.  *See* Motion for Default Judgment ("Pl. Mt."), DE [11], 10, 12, 16-17; Proposed Judgment, DE [11-3].

Plaintiffs have not submitted any documentary evidence in support of their requests for relief.  In granting default judgment as to Defendants' liability, Judge Bianco noted that Plaintiffs had "not made evidentiary submissions in connection with the application for a default judgment."  *See* DE [16].  Nonetheless, Plaintiffs did not supplement their motion for default judgment.  Without documentary evidence, the Court is unable to determine whether Plaintiffs are entitled to the damages and additional forms of relief they request.  *See Transatlantic Marine Claims Agency, Inc.*, 109 F.3d at 111 (remanding default judgment where court "simply accepted at face value [plaintiff's] statement in its complaint" and thus did not satisfy its "obligation to ensure that the damages were appropriate"); *cf. Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (finding that on motion for default judgment, moving party's "detailed affidavits and documentary evidence . . . provided a sufficient basis from which to evaluate the fairness" of the relief sought); *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 190 (E.D.N.Y. 2009) (noting court's ability to make "an informed recommendation regarding damages" based on "reasonably detailed affidavits and exhibits").

5

Specifically, by submitting nothing more than their Complaint and a memorandum of law, Plaintiffs cannot meet their burden of proving with "reasonable certainty" that they hold 4,000,000 Class B Shares or that such Shares are worth $39,996,000. By the same token, Plaintiffs cannot prove that they are entitled to declaratory or injunctive relief based on Defendants' actions with respect to Plaintiffs' Class B Shares.

Accordingly, the Court respectfully recommends that Plaintiffs' application for damages and other relief contained in their motion for default judgment be denied without prejudice and with leave to renew upon submission of documentation demonstrating that Plaintiffs are entitled to the damages and other relief sought. *See Credit Lyonnais Sec. (USA)*, 183 F.3d at 154 (vacating and remanding default judgment in securities action where court granted damages award based on "only the allegations in the complaint and the affidavit of plaintiff's counsel, who did not purport to have personal knowledge of the facts").

## IV. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiffs' request for damages and additional relief be denied without prejudice and with leave to renew.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiffs by electronic filing on the date below. Plaintiffs are directed to serve a copy of it on Defendants via first-class mail and promptly file proof of service by ECF. Any

objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:    Central Islip, New York
           August 8, 2019

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge