UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
VISIONS IN LEARNING INC. and FEED THE
STARVING CHILDREN LLC,

                Plaintiffs,

  - against -

VERITY, INC., ADAM REISER, XYZ
ENTITIES 1-10, and JOHN DOES 1-10

                Defendants.

**ORDER ADOPTING
REPORT AND
RECOMMENDATION**
18-CV-5042 (RRM) (SIL)

-------------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Plaintiffs Visions in Learning Inc. ("VIL") and Feed the Starving Children LLC ("FSC")

bring this action against defendants Verity, Inc. ("Verity"), Adam Reiser ("Reiser"), XYZ

Entities 1-10 ("XYZ Defendants") and John Does 1-10 ("John Doe Defendants") alleging,

among other things, numerous violations of the Securities Exchange Act, breach of contract, and

fraudulent inducement pertaining to an issuance of stock.  (Complaint ("Compl.") (Doc. No. 1).)

Plaintiffs filed a motion for default judgment, which was granted by Judge Bianco on February

20, 2019, and referred to Magistrate Judge Locke for a Report and Recommendation ("R&R") as

to the appropriate remedies.  (Order of 2/20/2019 (Doc. No. 16).)  On August 8, 2019, Magistrate

Judge Locke recommended that plaintiffs' request for damages and additional relief be denied

without prejudice and with leave to renew.  (R&R (Doc. No. 20).)  Plaintiffs filed timely

objections to the R&R on August 22, 2019.  (Plaintiffs' Objections to R&R ("Objections to

R&R") (Doc. No. 23).)  For the reasons set forth below, the Court rejects these objections and

adopts the R&R in its entirety.

**BACKGROUND**

The Court assumes the parties' familiarity with the facts and procedural history in this case, as well as with Magistrate Judge Locke's R&R.  Nonetheless, the Court recapitulates relevant aspects of the case and the R&R for the convenience of the reader.

VIL is a New York not-for-profit corporation and the sole member of FSC, a limited liability company formed under Wyoming law with its principal place of business in New York. (Compl. ¶¶ 17–18.)  Verity is a corporation formed under Wyoming law, with its principal place of business in Florida.  (*Id.* ¶ 19.)  Reiser is the president, secretary, treasurer chief executive officer, and sole director of Verity.[1]  (*Id.* ¶ 20.)

In 2017, Verity undertook a private placement of Class B common shares, and enlisted Andy Badolato to assist in selling the shares to investors.  (*Id.* ¶ 2.)  In return, Verity issued 4,000,000 shares of its Class B common stock to FSC, formerly known as BAD Holdings LLC, an entity designated by Badolato.  (*Id.*)  The Private Placement Memorandum ("PPM") specifically stated that the Class B shares were non-assessable.  (*Id.* ¶ 3.)  That same year, Reiser agreed to donate 10,000 Class A shares to VIL but instead transferred 10,000 Class B shares. (*Id.* ¶¶ 11, 55.)  Despite promising to exchange VIL's shares after learning of the error, Reiser has yet to do so.  (*Id.* ¶ 56.)

Although the PPM made it clear that the Class B shares were non-assessable, Verity nonetheless sent FSC a capital call letter on January 15, 2018, demanding $10,668,000 or $2.66 per share (the "Capital Call Letter").  (*Id.* ¶ 4.)  The Capital Call Letter "threatened that if the money was not received by January 30, 2018, then FSC would owe $5.00 per share within five

---

[1] The XYZ Defendants are unknown business entities affiliated with Verity and Reiser and participated in the alleged transactions.  (Compl. ¶ 21.)  The John Doe Defendants are unknown directors, officers, managers and affiliates of Verity who participated in the alleged transactions.  (*Id.* ¶ 22.)  These defendants were never served and no default has been entered against them.

days, and 'A 10,000 REVERSE SPLIT WILL ISSUED [sic] TO ALL NON-CONTRIBUTORS IN THE COMMON B SERIES CALL WILL BE RETURNED TO TREASURY FOR RESALE.'" (*Id.*) Since the capital call was not authorized by statute or the Company's articles of incorporation, FSC did not comply. (*Id.* ¶ 5.) Thereafter, Defendants told FSC that its 4,000,000 Class B shares were revoked. (*Id.* ¶ 6.)

On August 13, 2018, Verity filed with the Wyoming Secretary of State a purported amendment to the company's articles of incorporation, which included changing the status of Class B common shares from voting to nonvoting stock. (*Id.* ¶ 48.) Class B shareholders neither voted nor provided written consent to amend the articles of incorporation, and Verity failed to provide notice of these amendments to FSC or VIL. (*Id.* ¶¶ 51, 53.)

Plaintiffs commenced this action on September 6, 2018, asserting causes of action for: (i) breach of fiduciary duties; (ii) violation of Section 10(b) of the Securities Exchange Act; (iii) violation of Section 20(a) of the Securities Exchange Act; (iv) conversion; (v) breach of contract; (vi) breach of the implied covenant of good faith and fair dealing; and (vii) fraudulent inducement. (*Id.* ¶¶ 59–160.) Plaintiffs seek numerous forms of relief, including (1) declaratory judgments that the (a) capital call and (b) amendments to Verity's articles of incorporation were "*ultra vires*, unauthorized, illegal, void, and invalid," (2) a declaratory judgment that FSC is a holder of 4,000,000 Class B shares, as well as (3) money damages, including interest, estimated to be more than $40,000,000. (*Id.* ¶¶ A, B, D, F, H at 26–27; *see also Id.* ¶¶ 116, 125, 129.) Plaintiffs also seek injunctive relief, including (1) enjoining defendants from "taking any actions that prejudice FSC as it regards FSC's holdings of Class B Shares," (2) enjoining defendants from "issuing shares without accounting for FSC's full holdings of four million Class B Shares in any valuation," (3) disclosure by defendants "to any potential investor that FSC has a claim to

3

its full holdings of four million Class B Shares," and (4) provision "to FSC its certificates evidencing the four million Class B Shares that FSC owns or other equivalent documentation." (*Id.* ¶¶ 94–95.)

Defendants never answered, or moved to dismiss, the complaint. In December 2018, plaintiffs sought and obtained a certificate of default as to Verity and Reiser. (Clerk's Entry of Default (Doc. No. 10).) In January 2018, plaintiffs moved for a default judgment, submitting, among other things, a 22-page memorandum but no documentary evidence. (Mot. for Default Judgment (Doc. No. 11).) Plaintiffs argue that there are entitled to default judgment because defendants have failed to respond and the allegations in the complaint are well pleaded. (*Id.* at 13.) Despite noting the lack of any "evidentiary submissions," Judge Bianco nonetheless granted the default judgment and referred this matter to Magistrate Judge Locke "for a Report and Recommendation to address the issue of damages and other relief sought by plaintiffs." (Order of 2/20/19 (Doc. No. 16).)

In the R&R, Magistrate Judge Locke recommends that plaintiffs' request for damages and additional relief be denied without prejudice and with leave to renew, on the basis that plaintiffs failed to submit documentary evidence in support of their requests for relief. (R&R at 5.) Without documentary evidence, plaintiffs cannot meet their burden of proving with "reasonable certainty" that they hold 4,000,000 Class B shares or that such shares are worth $39,996,000. (*Id.* at 6.)

Plaintiffs raise three objections to the R&R. First, they argue that Magistrate Judge Locke erred in conflating the standard of review for declaratory judgment with that of monetary damages and therefore, declaratory relief as to Count I should be granted without a separate evidentiary showing. (Objections to R&R at 2.) Second, plaintiffs argue that declaratory relief

as to Count X should be granted because declaratory judgment does not require a calculation of

damages and all well-pleaded allegations in the complaint as to liability are to be accepted.  (*Id.*)

Third, plaintiffs argue that Magistrate Judge Locke erred in recommending denial of plaintiffs'

motions without holding a hearing on damages or allowing plaintiffs an opportunity to submit

supplemental affidavits.  (*Id.* at 3.)

Plaintiffs also sought reconsideration of Magistrate Judge Locke's R&R, which was

denied on August 28, 2019.  (Order of 8/28/2019 (Doc. No. 24).)  Magistrate Judge Locke

explained that plaintiffs' dissatisfaction with the result of the R&R is not grounds for

reconsideration.  (*Id.* at 3–4.)  He also explained that the relief that plaintiffs seek, "the

'opportunity to submit supplemental affidavits and documentary evidence on the issue of relief

and damages,' *see* [Motion for Reconsideration (Doc. No. 21)] is consistent with this Court's

recommendation that Plaintiffs' application for damages be denied 'without prejudice and with

leave to renew upon submission of documentation demonstrating that Plaintiffs are entitled to the

damages and other relief sought.'"  (*Id.* at 4.)

## STANDARD OF REVIEW

When reviewing an R&R, a district court "may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

When a party raises an objection to an R&R, the district court "shall make a *de novo*

determination of those portions of the Report and Recommendation to which objection is made."

28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Pizarro v. Bartlett*, 776

F. Supp. 815, 817 (S.D.N.Y. 1991).  Moreover, portions to which no party has objected are

reviewed for clear error.  *See Morritt v. Stryker Corp.*, 973 F. Supp. 2d 177, 181 (E.D.N.Y.

2013); *Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011).  The Court will

find clear error only where, upon a review of the entire record, it is left with the definite and firm conviction that a mistake has been committed. *See* Fed. R. Civ. P. 72(a); *Regan v. Daimler Chrysler Corp.*, No. 07-CV-1112 (RRM) (JO), 2008 WL 2795470, at *1 (E.D.N.Y. July 18, 2008); *Nielsen v. New York City Dep't of Educ.*, No. 04-CV-2182 (NGG) (LB), 2007 WL 1987792, at *1 (E.D.N.Y. July 5, 2007).

## DISCUSSION

"While the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not." *Local 363, United Electrical Workers of America, International Union of J.,* No. 17-CV-0267 (DLI) (SMG), 2017 WL 9930941, at *4 (E.D.N.Y., Nov. 9, 2017) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "Before granting a damages award on a default judgment, the district court must ensure that the plaintiff has established the amount of damages to a 'reasonable certainty.'" *Hosking v. New World Mortg., Inc.,* 570 Fed. Appx. 28, 41 (2d Cir. 2014) (citing *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

Plaintiffs contend that this "reasonable certainty" standard only applies to monetary damages, rather than to requests for declaratory judgment, and thus the request for declaratory judgment should be granted without an evidentiary showing. "[A] court may exercise its discretion to issue a declaratory judgment in cases where the party seeking the declaratory judgment can demonstrate the existence of an actual case or controversy." *Century Surety Company v. Euro-Paul Construction Corp.*, No. 16-CV-5133 (MKB) (VMS), 2017 WL 9511076, at *4 (E.D.N.Y., Aug. 21, 2017); *see* 28 U.S.C. § 2201(a); Fed. R. Civ. P. 57. "An actual controversy has been defined as one that is 'real and substantial…admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what

6

the law would be upon a hypothetical state of facts.'" *Century Surety*, at *4 (quoting *Olin Corp. v. Consol. Aluminum Corp.*, 5 F.3d 10, 17 (2d Cir. 1993)).  "Courts have discretion to issue a declaratory judgment and must consider whether the judgment would clarify the issues involved and finalize the controversy as to offer relief from uncertainty." *Government Employees Ins. Co. v. IAV Medical Supply, Inc.*, No. 11-CV-4261 (ARR) (RER), 2013 WL 764735, at *7 (E.D.N.Y., Feb. 8, 2013) (citing *Dow Jones & Co., Inc. v. Harrods Ltd.*, 346 F.3d 357, 359–60 (2d Cir. 2003)).  Courts in this district have declined to issue a declaratory judgment against a defaulting defendant where plaintiffs only offered a "vague, generalized allegation" and "the record is devoid of any evidence that th[e] allegation is true." *Allstate Ins. Co. v. Abramov*, No. 16-CV-1465 (AMD) (SJB), 2020 WL 1172697, at *16 (E.D.N.Y. Feb. 21, 2020), *report and recommendation adopted*, 2020 WL 1166498 (E.D.N.Y. Mar. 11, 2020).

Upon *de novo* review, the Court agrees with Magistrate Judge Locke that the Court is "unable to determine whether plaintiffs are entitled to damages and *additional forms of relief* they request"—including declaratory judgments—without additional documentation.  (R&R at 5.)  It should come as no surprise to plaintiffs that documentary evidence is needed to support their requests for relief as Judge Bianco clearly explained this and plaintiffs' failure to furnish any evidentiary submissions in his order granting plaintiffs' motion for default judgment.  (Order of 2/20/2019 at 2.)  Plaintiffs are requesting damages but never adduced evidence to substantiate the valuation of the shares, which are not publicly traded.  Moreover, plaintiffs are seeking double recovery: a declaration that they own 4 million Class B shares and an injunction mandating that Verity give plaintiffs a certificate for these shares to establish ownership, while simultaneously seeking the value of the shares.  Therefore, even if plaintiffs might be entitled to declaratory and injunctive relief, the Court cannot enter a final order without the evidentiary

showing and clarification of the relief that plaintiffs seek.  Accordingly, Magistrate Judge Locke correctly determined that the Court cannot grant default judgment until these questions are resolved.

Plaintiffs' third objection to the R&R is that either a hearing on damages should be held or they should be allowed to submit supplemental affidavits.  The opportunity to submit supplemental affidavits is consistent with the R&R.  (R&R at 6.)  As such, plaintiffs are directed to supplement their motion for default judgment in accordance with this Order and clarify what relief they seek: a declaration that they own 4 million Class B shares or the value of the shares.

## CONCLUSION

After *de novo* review of Magistrate Judge Locke's R&R, the factual and procedural record upon which it is based, and plaintiffs' objections, the R&R is adopted in its entirety. Plaintiffs are directed to supplement their motion in accordance with this Order.

SO ORDERED.

Dated:  Brooklyn, New York
        January 11, 2021                           *Roslynn R. Mauskopf*
                                          _____
                                          ROSLYNN R. MAUSKOPF
                                          Chief United States District Judge