UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

VISIONS IN LEARNING INC. and FEED THE
STARVING CHILDREN LLC,

              Plaintiffs,

    v.

VERITY, INC., ADAM REISER, XYZ
ENTITIES 1-10, and JOHN DOES 1-10,

              Defendants.

-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

18-cv-05042 (KAM) (LGD)

**LEE G. DUNST**, Magistrate Judge:

      For more than four years, Plaintiffs have been pursuing this action seeking various forms of relief, including substantial monetary damages. *See* Electronic Case File Number ("ECF No.") 1. Presently before the Court is Plaintiffs' Supplemental Motion for Default Judgement filed on March 4, 2021. ECF No. 28 ("Motion"). The Motion was referred to the undersigned by District Judge Kiyo A. Matsumoto on September 30, 2022. For the foregoing reasons, the undersigned respectfully recommends that Judge Masumoto deny the Motion with prejudice, as the supplemental evidence presented by Plaintiffs remains insufficient to support their most recent request for monetary relief of $41 million.

**I.    BACKGROUND**

    **A.    Complaint**

      On September 6, 2018, Plaintiffs Visions in Learning Inc. ("VIL") and Feed the Starving Children LLC ("FSC") filed the Complaint against Defendants Verity, Inc. ("Verity") and Adam Reiser. ECF No. 1. VIL is a New York non-for-profit corporation and the sole member of FSC, a limited liability company formed under the laws of Wyoming with a principal place of business

in New York. *Id.* at ¶¶ 17-18. Verity is a corporation organized under the laws of Wyoming with a principal place of business in Florida. *Id.* at ¶ 19. Verity was previously known as Certified Inc. *Id.* VIL holds 10,000 class B shares in Verity, and FSC holds 4,000,000 Class B shares in Verity. *Id.* at ¶¶ 17-18. Reiser is the president, secretary, treasurer, chief executive officer, and sole directory of Verity. *Id.* at ¶ 20.

Plaintiffs allege that Defendants "induce[d] investors to acquire Class B shares and then deny Class B shareholders the value of their holdings by conducting an unauthorized and invalid capital call." *Id.* at ¶ 1. In 2017, Verity undertook a private placement of Class B common shares and enlisted professional promoters, including Andy Badolato, to assist in selling the shares. *Id.* at ¶ 2. Verity compensated Badolato with 4,000,000 Class B common stock in return for his work. *Id.* ¶ 2. In turn, Badolato designated FSC (formerly known as BAD Holdings LLC) to receive the stock. *Id.* ¶ 2. However, on January 15, 2018, Verity sent a letter to the Class B Shareholders, including BAD Holdings LLC, notifying them of a capital call. *Id.* at ¶¶ 3-4; ECF No. 28-4. The letter stated that BAD Holdings LLC owed Certified, Inc. $10,668,000 (4,000,000 Common B shares valued at $2.66 per share) and stated, "ALL NON-CONTRIBUTORS IN THE COMMON B SERIES CALL WILL BE RETURNED TO TREASURY FOR RESALE." ECF No. 1, ¶¶ 3-4; ECF No. 28-4. BAD Holdings LLC did not comply with this letter, and Defendants revoked FSC's Class B Shares. ECF No. 1, ¶¶ 5-6. Furthermore, Verity issued 10,000 *Class B* shares to VIL, but Reiser purportedly had promised to issue 10,000 *Class A* common shares to VIL. ECF No. 1, ¶ 11. Defendants never corrected this issue about failing to issue Class A shares. *Id.*

Based on these allegations, Plaintiffs sought numerous remedies, including declaratory judgment and monetary relief. *Id.* at ¶¶ 70, 82, 94, 106, 112, 125, 129, 135, 143, 144, 153, and

160.

### B. Procedural History

The executed summonses served on Defendants were filed on October 3, 2018. ECF Nos. 6, 7. On December 3, 2018, the Clerk of Court entered a Certificate of Default against Defendants, pursuant to Fed. R. Civ. P. 55(a), given their failure to appear or otherwise defend the action. ECF No. 10. Plaintiffs filed an unopposed Motion for Default Judgment on January 10, 2019. ECF No. 11. On February 20, 2019, Judge Joseph F. Bianco (to whom the case was then assigned) granted the Motion for Default Judgment and referred it to Magistrate Judge Steven I. Locke for a Report and Recommendation ("R&R") "to address the issue of damages and other relief sought by plaintiffs." ECF No. 16. In so doing, Judge Bianco noted that Plaintiffs had "not made any evidentiary submissions in connection with the application for a default judgment." *Id.*

On August 8, 2019, Judge Locke recommended that Plaintiffs' request for damages of "$39,996,000 plus statutory pre-judgment interest" and additional relief in the Motion for Default Judgment be denied without prejudice and with leave to renew. ECF No. 20. Judge Locke noted that "Plaintiffs have not submitted any documentary evidence in support of their requests for relief" — even after Judge Bianco's earlier observation about the Plaintiffs' lack of evidentiary support. ECF No. 20, p. 5.

On August 13, 2019, Plaintiffs filed a Letter Motion for reconsideration of the R&R, which Judge Locke rejected on August 28, 2019. ECF Nos. 21, 24. Plaintiffs also filed objections to the R&R with District Judge Roslynn R. Mauskopf (to whom this case had been reassigned). ECF No. 23. On February 11, 2021, Judge Mauskopf adopted the R&R in its entirety. ECF No. 27. In that decision, Judge Mauskopf agreed with Magistrate Judge Locke

3

"that the Court is 'unable to determine whether plaintiffs are entitled to damages and *additional forms of relief* they request' — including declaratory judgments — without additional documentation." ECF No. 27, p. 7 (emphasis in original). Further, Judge Mauskopf explained:

> It should come as no surprise to plaintiffs that documentary evidence is needed to support their requests for relief as Judge Bianco clearly explained this and plaintiffs' failure to furnish any evidentiary submissions in his order granting plaintiffs' motion for default judgment. . . . Plaintiffs are requesting damages but never adduced evidence to substantiate the valuation of the shares, which are not publicly traded. Moreover, plaintiffs are seeking double recovery: a declaration that they own 4 million Class B shares and an injunction mandating that Verity give plaintiffs a certificate for these shares to establish ownership, while simultaneously seeking the value of the shares.

*Id.* at p. 7. Nevertheless, Judge Mauskopf directed Plaintiffs to "submit supplemental affidavits" and "clarify what relief they seek: a declaration that they own 4 million Class B shares or the value of the shares." *Id.* at pp. 6-7.

On March 4, 2021, Plaintiffs filed the Supplemental Motion for Default Judgement. ECF No. 28 (the "Motion"). The Motion includes a cover letter, a declaration, an affirmation, and four exhibits — totaling eighteen pages in length. *Id.* According to the Declaration by Plaintiffs' Attorney Michael B. Ershowsky, Esq., Plaintiffs are now seeking a single form of relief: "[t]he Plaintiffs are seeking by their motion only the monetary relief demanded in the Complaint, D.I. 1, for the monetary value of the shares." ECF No. 28-1, ¶ 3; *see also* ECF. No. 28-2, ¶ 2 ("Plaintiffs seek a judgment for and are entitled to the monetary relief sought in the complaint: $41 million.").

On September 30, 2022, District Judge Kiyo A. Matsumoto (to whom this case had been reassigned) referred the Motion to the undersigned for a Report and Recommendation. On October 14, 2022, the Court issued the following order: "[i]n light of the 9/30/2022 referral of DE 28 to the undersigned, Plaintiffs are invited to provide any update or supplement to their

4

3/4/2021 submission in connection with their motion for default judgment by 10/31/2022. Absent any further submissions, the Court shall rely upon the current record in addressing the relief sought in DE 28." Plaintiffs declined to make any additional submission to the Court.

## II.   LEGAL STANDARD

"Before granting a damages award on a default judgment, the district court must ensure that the plaintiff has established the amount of damages to a 'reasonable certainty.'" *Hosking v. New World Mortg., Inc.*, 570 F. App'x 28, 31 (2d Cir. 2014) (citing *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir.1999)). "Courts can use several tools to assess damages, including affidavits, documentary evidence, and evidentiary hearings." *Windward Bora LLC v. Valencia*, No. 19-CV-4147, 2022 WL 872506, at *5 (E.D.N.Y. Mar. 24, 2022) (internal citations omitted); *see House v. Kent Worldwide Machine Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010) ("Even in the absence of a hearing, however, the district court cannot simply rely on the plaintiff's statement of damages; there must be a basis upon which the court may establish damages with reasonable certainty.") (citation omitted). Such a determination, pursuant to Fed. R. Civ. P. 55(b) is "commit[ed] to the sound discretion of the district court." *Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009).

## III.   DISCUSSION

The Court finds that Plaintiffs have once again failed to come forward with sufficient evidence in support of their claim for $41 million. Notably, the Court finds that the Motion (including the attached documents) – totaling eighteen pages – lacks sufficient detail and foundation to provide the Court with "reasonable certainty" of the damages at issue. *Credit Lyonnais Secs. (USA), Inc.*, 183 F.3d at 155.

In order to establish the foundation for the exhibits supporting ECF No. 28, Plaintiffs

submit the Affirmation of Chaim Muskat ("the Muskat Affirmation"), who purports to be "an authorized representative for the plaintiffs in this action." ECF No. 28-2, ¶ 1. However, this Affirmation fails to identify Mr. Muskat's specific association with Plaintiffs or how he has any knowledge of the accompanying exhibits in support of Plaintiffs' claim for $41 million.

As to Plaintiffs' claimed value of Class B common stock, Plaintiffs offer two exhibits: ECF No. 28-3 and ECF No. 28-4. According to the Muskat Affirmation, ECF No. 28-3 is a copy of the term sheet and capitalization tables from the 2017 private placement of Class B common shares by Verity (then known as Certified, Inc.). ECF No. 28-2, ¶ 4. According to the Muskat Affirmation, this document apparently shows "[t]he offering price of the common stock in the Private Placement was $10 per share of Class B Common Stock." *Id*. However, the document lacks both a proper foundation and is only select pages from what appears to be a larger document. Additionally, Plaintiffs offer the 2018 capital call letter as a second exhibit, detailing the demand for approximately $10 million from BAD Holdings, based on a calculation of $2.66 per share for 4,000,000 Common B shares. ECF No. 28-2, ¶ 5; ECF No. 28-3. Absent any documentary support, the Muskat Affirmation claimed that, in light of Plaintiffs' failure to comply with the capital call, these shares were then revoked by Verity. ECF No. 28-2, ¶ 5. The documentary support for these facts would be critical for the Court to establish the claimed damages. Furthermore, the Court concludes that ECF Nos. 28-3 and 28-4 fail to provide enough evidentiary support to establish the value of the share at issue to justify Plaintiffs' request for a $41 million judgment.

Finally, the Muskat Affirmation states that Verity issued 10,000 *Class B* common shares to VIL, whereas Defendants had promised to issue 10,000 *Class A* common shares to VIL. ECF No. 28-2, ¶ 7. The only documentary support for this allegation is (1) ECF No. 28-6, which may

6

support that VIL held 10,000 *Common B* shares as of September 19, 2017, and (2) the placement memorandum at ECF 28-3, which Plaintiffs claim reveals the difference in values of the shares. This evidence, however, is insufficient to establish the value of the shares and the claims that Defendants owe 10,000 *Class A* common shares to Plaintiffs.

IV.    CONCLUSION

The Court recommends that the Motion at ECF No. 28 be DENIED WITH PREJUDICE, as the Court finds the evidence presented by Plaintiffs to be insufficient to establish with "reasonable certainty" the claimed damages of $41 million.  As noted above, Plaintiffs have been provided with multiple bites at the proverbial apple to present adequate evidence in support of their request for a $41 million judgment.  In fact, two district court judges (Judge Bianco and Judge Mauskopf) and two magistrate judges (Judge Locke and the undersigned) have provided Plaintiffs with numerous opportunities for more than three years to come forward with sufficient evidence to support their request — yet Plaintiffs have failed to do so repeatedly.  Under these circumstances, the Court recommends that the Motion be denied with prejudice.  *See, e.g., Sanchez v. Hunt's Point Triangle, Inc.,* No. 15-CV-03787, 2018 WL 1137065, at *4 (S.D.N.Y. Mar. 1, 2018) (denial of motion for default judgment with prejudice after "[t]he Court has provided Plaintiff ample opportunity to document adequately her motion for default judgment").

V.    OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days).  Any requests for an extension of time for filing objections must be directed to Judge Masumoto.  FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER

APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

Dated: Central Islip, New York
       November 17, 2022

**SO ORDERED**:

/s/ Lee G. Dunst
LEE G. DUNST
United States Magistrate Judge